

Olga L. Fuentes-Skinner
ofuentes@glennagre.com
1185 Avenue of the Americas, 22nd Floor
New York, NY 10036
212.970.1600

December 11, 2023

**VIA ECF**
The Honorable Vernon S. Broderick
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

Re: *Medtronic Inc. v. Biogen MA Inc.*, Case No. 1:23-cv-10057-VSB
<u>Defendant's Request To Seal</u>

Dear Judge Broderick,

On behalf of Biogen MA Inc. ("Biogen") we write to respectfully request approval to file under seal the Development and Commercialization Agreement (the "Agreement")[1] underlying the present dispute, and Biogen's Memorandum in Support of Biogen's Motion to Dismiss ("Motion to Dismiss") and Motion to Stay Discovery which reference the Agreement. Biogen proposes to file redacted copies of each such document to protect from disclosure commercially sensitive information as detailed below. The parties participated in a meet and confer by telephone and email on December 8 and December 11, respectively, and Medtronic takes no position on the proposed redactions.

**I.    Legal Standard**

To ensure accountability and promote public confidence in the administration of justice by the independent federal judiciary, Second Circuit courts provide a "presumption of public access" to documents "relevant to the performance of the judicial function and useful in the judicial process." *Emergency Physician Servs. of New York, et al. v. UnitedHealth Grp., Inc. et al.*, 2023 WL 8306746 (S.D.N.Y. 2023); *Roberto Coin, Inc. v. Goldstein*, 2020 WL 13564045 at *2 (E.D.N.Y. 2020). This presumption may be overcome, and "the presumption of access must be balanced against 'competing considerations,'" which include the privacy interests of those seeking to prevent disclosure. *Emergency Physician Servs. of New York,* 2023 WL 8306746. "To overcome the presumption of public access over a judicial document, the court must make specific, on the record findings that sealing (1) is necessary to preserve higher values, and (2) is narrowly tailored to serve that interest." *Metcalf v. TransPerfect Translations International, Inc.*, 2022 WL 2116686, at *1 (S.D.N.Y 2022) (internal citation and quotation marks omitted).

---

[1] The Agreement is annexed to the Declaration of Olga L. Fuentes-Skinner, dated December 11, 2023, which accompanied the Motion to Dismiss.

"A litigant's interest in keeping confidential its highly sensitive business and financial information is sufficient to tip the scale in favor of sealing the documents that contain such information." *Emergency Physician Servs. of New York*, 2023 WL 8306746. "Courts in this circuit have permitted the sealing of "sensitive business information" such as client information, billing information and proprietary business information when there is a showing that disclosure would cause competitive harm." *Roberto Coin, Inc. v. Goldstein*, 2020 WL 13564045, at *3 (internal citations omitted).

This includes situations where, as here, disclosure of such information could be used to "negatively impact [a party's] bargaining position in future negotiations." *Emergency Physician Servs. of New York*, 2023 WL 8306746, at *1 (granting motion to seal because of commercially sensitive information that could negatively impact bargaining position). Furthermore, such "sensitive information" may include "nonfinancial information concerning internal business processes, practices, and standards." *Id.* "Confidential business information dating back even a decade or more may provide valuable insights into a company's current business practices that a competitor would seek to exploit." *Encyclopedia Brown Productions, Ltd. v. Home Box Office, Inc.*, 26 F.Supp.2d 606, 614 (S.D.N.Y. 1998).

Biogen seeks to redact references to certain commercial terms of the Agreement in the Motion to Dismiss, and to redact the same terms in the Agreement itself, because they contain highly sensitive information concerning Biogen's business practices, billing arrangements, and the processes Biogen follows for developing new products. Publication of such information will cause competitive harm. Biogen has an active collaboration agreement with another party for the development of a similar product to that which was the subject of the contract in dispute. Revealing the terms of Biogen's non-exclusive contract with Medtronic will provide that third party, and potentially other collaboration partners, with information they could use against Biogen to negotiate their own agreements. *See Emergency Physician Servs. of New York*, 2023 WL 8306746 (granting motion to seal where commercially sensitive information would cause competitive disadvantage); *see also Avocent Redmond Corp. v. Raritan Americas, Inc.*, 2012 WL 3114855, at *16 (S.D.N.Y. 2012) (granting motion to seal where documents included confidential employment information that could impact future contract negotiations).

Additionally, requiring public filing of certain sensitive and confidential information in the Agreement may competitively disadvantage Biogen by disclosing proprietary information regarding the development of new products. *See GoSMiLE, Inc. v. Levine*, 769 F.Supp. 2d 630, 649-50 (S.D.N.Y. 2011) (granting motion to seal proprietary material concerning marketing strategies and product development). If disclosed, this information could give insight into Biogen's broader business development strategies for bringing a new product to market, providing competitors with valuable information impacting how they should seek to compete with Biogen

The Honorable Vernon S. Broderick
December 11, 2023
Page 3 of 3



most effectively. *See Volino v. Progressive Cas. Ins. Co.*, 2023 WL 4636204, at *3 (S.D.N.Y. 2023) (granting letter motion to seal where information would provide valuable insights into party's business practices that would be exploitable by competition).

Biogen has narrowly tailored the scope of information it seeks to keep from the public domain to ensure that granting this motion will not prohibit the public and the press from accessing the details necessary and relevant to the administration in this case.

For the reasons set forth above, Biogen has overcome the presumption of access to the Motion to Dismiss and the Agreement. Biogen respectfully requests that the Court grant this letter motion.

                                                            Respectfully submitted,
                                                            /s/*Olga L. Fuentes-Skinner*
                                                            Olga L. Fuentes-Skinner
                                                            Glenn Agre Bergman & Fuentes LLP
                                                            1185 Avenue of the Americas, Fl. 22
                                                            New York, NY 10036