

Olga L. Fuentes-Skinner
ofuentes@glennagre.com

1185 Avenue of the Americas, 22nd Floor
New York, NY 10036
212-970-1604

December 11, 2023

**VIA ECF**

The Honorable Judge Vernon S. Broderick
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

   Re: *Medtronic, Inc. v. Biogen MA, Inc.*, Case No. 1:23-cv-10057-VSB
      Defendant's Request To Stay Discovery

Dear Judge Broderick:

  I write on behalf of Biogen MA Inc. ("Biogen"), defendant in the above captioned action. Pursuant to Your Honor's Individual Rules and Practices in Civil Cases 1.A and 4.F, Biogen seeks an order staying discovery, including the Rule 26(f) conference, until the resolution of Biogen's pending motion to dismiss Medtronic, Inc.'s ("Medtronic") complaint (the "Motion to Dismiss"). *See* ECF No. 13. The Motion to Dismiss, if granted, would dispose of the entire action. The parties participated in a meet and confer by telephone and email on December 8 and December 11, respectively, concerning Biogen's proposed motion to stay and were unable to resolve the dispute.

  Under Fed. R. Civ. P. 26(c), a court has discretion to stay discovery for good cause pending the outcome of a motion dismiss. *See Alapaha View Ltd. v. Prodigy Network, LLC,* No. 20-CV-7572 (VSB), 2021 WL 1893316, at *1 (S.D.N.Y. May 10, 2021) (Broderick, J.); *O'Sullivan v. Deutsche Bank AG,* 2018 WL 1989585, at *4 (S.D.N.Y. Apr. 26, 2018) ("[A] pending decision on a motion to dismiss may constitute 'good cause'" under the rule). A court determining whether to stay discovery should consider multiple factors, including: "(1) whether a defendant has made a strong showing that the plaintiff's claim is unmeritorious, (2) the breadth of discovery and the burden of responding to it, and (3) the risk of unfair prejudice to the party opposing the stay." *Alapaha View,* 2021 WL 1893316, at *1. Each of these factors favors granting a stay of discovery pending resolution of the Motion.

  With respect to the first factor, your Honor has stated that a defendant's "motion to dismiss cuts in favor of a stay" where, as here, it "is potentially dispositive, and appears to be not unfounded in the law." *Alapaha View,* 2021 WL 1893316, at *2. The Motion seeks to dismiss Medtronic's single count breach of contract action based on the clear and unambiguous terms of a now-terminated Development and Commercialization Agreement (the "Agreement"). [1] When

---

[1] The Agreement refers to Exhibit A annexed to the Declaration of Olga L. Fuentes-Skinner, dated December 11, 2013, which accompanied the Motion to Dismiss.

**Glenn Agre Bergman & Fuentes LLP**
New York
San Francisco
glennagre.com

Hon. Vernon S. Broderick
December 11, 2023
Page 2 of 3

GLENN AGRE BERGMAN & FUENTES

those terms are properly construed, the facts Medtronic concedes in its Complaint require its dismissal.

The Agreement at issue governed the terms of a collaboration which was staged, including a "pre-clinical" stage of development preceding clinical trials (governed by Sections 3.1 and 6.1 of the Agreement), and a "clinical" stage of development when clinical trials would run (governed by Sections 3.2 and 6.2 of the Agreement). *See* Motion to Dismiss at 4-7; Agreement at 11, 19. Biogen terminated the Agreement for convenience before the parties reached the clinical stage of work, and thus all activities conducted by Medtronic and paid for by Biogen during the term of the Agreement were during the pre-clinical stage. *See* Complaint, ECF. No. 1 ("Compl.) ¶¶ 3, 35; Motion to Dismiss at 8, 11-12.

Medtronic's first argument is that Biogen owes another [REDACTED] to ensure Medtronic was paid a floor amount of [REDACTED] "pursuant to Section 6.1" (as required by Section 11.6.4 in case of termination for convenience). *See* Compl. ¶ 19. Section 6.1 by its explicit terms governs Biogen's payment obligations – milestone and non-milestone alike – for the pre-clinical stage of work. *See* Agreement at 19. Thus, all amounts Biogen paid during the term of the Agreement, which Medtronic concedes included at least [REDACTED] in milestones and another [REDACTED] in additionally invoiced amounts, were "pursuant to Section 6.1." *Id.*; Compl. ¶¶ 16, 20. As Medtronic concedes Biogen already paid it over [REDACTED], no further amount is due. *Id.* ¶ 18.

Medtronic's second argument is that Biogen owes another [REDACTED] in invoiced amounts which went beyond the agreed development plan budget. *See* Compl. ¶¶ 33, 38. Biogen's payment obligations in the Agreement are explicitly limited to those invoices in accordance with the development plan budget. *See* Agreement at 19. Medtronic concedes that Biogen already made payments up to and exceeding the agreed development plan budget (and thus cannot argue that these additional invoices are supported thereby). *See* Compl. ¶¶ 18-19, 38-40, 44. Instead, Medtronic attempts to rely on course of conduct and/or waiver to support its claim for more. *Id.* ¶ 37. The Agreement explicitly prohibits non-written amendment or waiver of its terms, and New York law requires adherence to those provisions and rejection of such arguments by Medtronic here. *See* Agreement at 41-42.

As the Motion is "founded in law" and, if granted, would dispose of Medtronic's entire claim, the first factor strongly favors staying discovery. *See Alapaha View Ltd.*, 2021 WL 1893316, at *2 (finding that "PSIM's motion to dismiss cuts in favor of a stay because it is potentially dispositive, and appears to be not unfounded in the law."); *Negrete v. Citibank, N.A.*, No. 15 CIV. 7250 (RWS), 2015 WL 8207466, at *1 (S.D.N.Y. Dec. 7, 2015) (holding that "Defendants' motion to dismiss is sufficient to support a stay" because it is "potentially dispositive," and "not unfounded in the law."); *Gandler v. Nazarov*, No. 94 CIV. 2272 (CSH), 1994 WL 702004, at *4 (S.D.N.Y. Dec. 14, 1994) (same); *Spencer Trask Software & Info. Servs., LLC, v. RPost Int'l Ltd.*, 206 F.R.D. 367, 368 (S.D.N.Y. 2002) ("Court notes at this preliminary stage that defendants do appear to have substantial arguments for dismissal of many, if not all, of the claims asserted in this lawsuit."); *Giminez v. Law Offices of Hoffman & Hoffman,* No. 12-cv-0669, 2012 WL 2861014, at *2 (E.D.N.Y. July 11, 2012) (staying discovery

where defendants "present[ed] substantial reasons for why plaintiffs' complaints should be dismissed and may very well be successful in their motions.").

The second and third factors – substantial risk of unfair prejudice to the opposing party and the breadth of discovery and associated burden in responding to it – also weigh heavily in favor of granting a stay of discovery. As is the case here, a "stay pending determination of a dispositive motion that potentially eliminates the entire action will neither substantially nor unduly delay the action, should it continue." *Alapaha View Ltd.*, 2021 WL 1893316, at *2 (quoting *Spinelli v. Nat'l Football League*, No. 13 CIV. 7398 (RWS), 2015 WL 7302266, at *2 (S.D.N.Y. Nov. 17, 2015) (finding a delay in discovery without more does not amount to unfair prejudice).) Biogen's termination became effective on July 17, 2022; Medtronic waited over a year to file the present action. Medtronic cannot now complain that there is any urgency requiring commencement of discovery ahead of resolution of the Motion. On the other hand, "disposition of the dismissal motion may significantly narrow, if not eliminate, the issues remaining in the case, proceeding with discovery while the motion is pending would waste the parties' resources and would constitute an undue burden on defendants." *Rivera v. Heyman*, No. 96 CIV. 4489 (PKL), 1997 WL 86394, at *1 (S.D.N.Y. Feb. 27, 1997).

\*\*\*

For the reasons set forth above, Biogen respectfully requests that the Court enter an order staying discovery, including the Rule 26(f) conference, pending the resolution of the Motion.

Respectfully submitted,

By:   */s/ Olga L. Fuentes-Skinner*
Olga L. Fuentes-Skinner