

Olga L. Fuentes-Skinner
ofuentes@glennagre.com
1185 Avenue of the Americas, 22nd Floor
New York, NY 10036
212.970.1600

February 9, 2024

**VIA ECF**
The Honorable Vernon S. Broderick
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

Re:   *Medtronic Inc. v. Biogen MA Inc.*, Case No. 1:23-cv-10057-VSB

Dear Judge Broderick,

We write pursuant to the Rule 5(B)(iii)(a) of the Individual Rules and Practices in Civil Cases to request the Court's approval of the proposed redactions for the publicly filed version of the Defendant's Reply Brief in Further Support of Its Motion to Dismiss ("Reply Brief"). Medtronic has not opposed the publication of a redacted version of the documents in this case, and the proposed redactions to the Reply Brief are consistent with the proposed redactions to the Complaint (Dkt. No. 1), Biogen's Memorandum of Law In Support of Its Motion to Dismiss (Dkt. No. 14), and Medtronic's Brief in Opposition to Biogen's Motion to Dismiss (Dkt. No. 27).

Biogen continues to seek to a redact a small number of references to certain commercial terms of the Agreement in the Opposition because they contain highly sensitive information concerning Biogen's business practices, billing arrangements, and the processes Biogen follows for developing new products. Biogen's position is explained in greater detail in Defendant's Request to Seal, filed on December 11, 2023 (Dkt. No. 10), as well as in Defendant's January 4, 2024 letter concerning the proposed redactions to the Complaint (Dkt. No. 24). In short, publication of such information will cause Biogen competitive harm. Biogen has an active collaboration agreement with another party for the development of a product similar to that which is the subject of the Complaint.

Courts in the Second Circuit provide a "presumption of public access" to documents "relevant to the performance of the judicial function and useful in the judicial process." *Emergency Physician Servs. of New York v. UnitedHealth Grp., Inc.*, No. 1:20-CV-09183, 2023 WL 8306746 at *1 (S.D.N.Y. Dec. 1, 2023); *Roberto Coin, Inc. v. Goldstein*, No. 18-CV-4045 (EK) (ST), 2020 WL 13564045 at *2 (E.D.N.Y. 2020). However, this presumption may be overcome if a litigant has privacy interests that would be negatively affected by the publication of certain sensitive information. "A litigant's interest in keeping confidential its highly sensitive business and financial information is sufficient to tip the scale in favor of sealing the documents that contain such information." *Emergency Physician Servs. of New York*, 2023 WL 8306746 at *1. "Courts in this

The Honorable Vernon S. Broderick
January 25, 2024
Page 2 of 2

**GLENN AGRE BERGMAN & FUENTES**

circuit have permitted the sealing of 'sensitive business information' such as client information, billing information and proprietary business information when there is a showing that disclosure would cause competitive harm." *Roberto Coin, Inc.*, 2020 WL 13564045, at *3 (internal citations omitted).

Here, revealing the terms of Biogen's non-exclusive contract with Medtronic would be highly prejudicial to Biogen and would provide Biogen's collaboration partners with information that could be used against Biogen to negotiate future agreements. *See Emergency Physician Servs. of New York*, 2023 WL 8306746 (granting motion to seal where commercially sensitive information would cause competitive disadvantage); *see also Avocent Redmond Corp. v. Raritan Americas, Inc.*, No. 10 CIV. 6100 PKC, 2012 WL 3114855, at *16 (S.D.N.Y. July 31, 2012) (granting motion to seal where documents included confidential employment information that could impact future contract negotiations). Additionally, requiring public filing of certain sensitive and confidential information in the Agreement may competitively disadvantage Biogen by disclosing proprietary information regarding the development of new products. *See GoSMiLE, Inc. v. Dr. Jonathan Levine, D.M.D. P.C.*, 769 F.Supp. 2d 630, 649-50 (S.D.N.Y. 2011) (granting motion to seal proprietary material concerning marketing strategies and product development).

The proposed redactions are necessary to prevent Biogen from suffering competitive harm. Biogen has narrowly tailored the scope of information it seeks to keep from the public domain to ensure that granting this motion will not prohibit the public and the press from accessing the details necessary and relevant to the administration in this case.

Respectfully submitted,
/s/*Olga L. Fuentes-Skinner*
Olga L. Fuentes-Skinner

Glenn Agre Bergman & Fuentes LLP
New York
San Francisco
glennagre.com